FLORA McFARLAND v. JOHN W. McKAY, Adm'r, &c.

A bequest to the following effect, " I leave in the hands of my executor to be hereinafter named, eight hundred dollars, to be by him applied, according to his discretion and as necessity may require, to the use and benefit of my daughter (the plaintiff); and should he, my executor, deem it advisable so to do, he may invest the whole or any part of this amount in the purchase of land for the use of my said daughter, which land, if thus purchased, shall vest at her death in the heirs of her body, if any then living; but if not, in the next of kin, share and share alike " &c., vests no discretion in the executor, except to pay over the money as the legatee might need it, or to invest it in land for her benefit.

The Superior Court in term, has original jurisdiction of an action to recover a legacy, where the same has been assented to, or is sought to be enforced as a trust.

In an action against an administrator of an executor to have him declared a trustee of the plaintiff as to certain funds held by his intestate as a legacy to the plaintiff, the fact that he is only an administrator of the executor, and not the executor of the will, cannot avail the defendant as a defence against an account of the fund, where it is admitted that the same is in his hands.

This was a CIVIL ACTION for the recovery of a legacy, tried before his Honor, Judge *Buxton*, at Fall Term, 1874, of Richmond Superior Court.

The plaintiff in her complaint alleged that her father, Daniel Blue, died in 1844, leaving a large estate ; that he made his last will and testament, and appointed his son, Malcolm Blue, executor to his said will, which was duly admitted to probate in the proper court, and the said Malcom Blue qualified as executor thereto  That said executor settled up the estate and paid off the legacies, except the one given to Flora McFarland, to which he assented and promised to pay, but failed so to do, and died without paying any portion thereof.  That Daniel Blue, her father, left a legacy in the hands of Malcom Blue, his executor, of eight hundred dollars

to the use and benefit of the plaintiff, in the following words, to wit :

"Item 10th. I leave in the hands of my executor, to be hereafter named, eight hundred dollars, to be by him applied according to his discretion and as necessity may require, to the use and benefit of my daughter, (the plaintiff;) and should he, my executor, deem it advisable so to do, he may invest the whole or any part of this amount in the purchase of land for the use of my said daughter, which land, if thus purchased, shall vest at her death in the heirs of her body if any then living; but if not, that said land belonged to the next of kin, share and share alike, and my executor to take title to the land accordingly."

That the plaintiff requested the administrator to invest a portion of said fund in the purchase of land for the use of herself and family, to which he assented, but failed to make the purchase. The plaintiff after the death of her father, at different times called upon the executor to pay over her legacy, to which he would agree and promise to pay, but in every instance failed to pay anything. Wherefore the plaintiff demands judgment.

To this complaint the defendant John McKay, administrator of Malcom Blue, deceased, executor as aforesaid, demurs upon the ground that it appears upon the face of the complaint :

1st. The court has no original jurisdiction of the subject of the action.

2d. That the plaintiff has no right under the provision of the will of Daniel Blue to call this defendant to account to her for the legacy which she claims in her complaint.

That the complaint does not state facts sufficient to constitute a cause of action, in that the fund claimed by the plaintiff is a trust under the will of Daniel Blue, to be applied at the discretion of the trustee according to the provisions of the will.

Demurrer overruled and the defendant required to answer. From this judgment the defendant appealed.

*Leitch* and *Walker* for the appellant.
*Neill McKay* and *Hinsdale* contra.

Reade, J.  The plaintiff claims a legacy.  The defendant denies:

1. Because the Superior Court in *term* has not original jurisdiction.  The court has such jurisdiction where the legacy has been assented to; or when it is sought to declare and enforce a trust.

2. The second cause for demurrer is, that the plaintiff has no right to call this defendant to account.  It is not stated why this right does not exist.  It was however stated at the bar, that it is because the defendant is not the executor of the will; but is only the administrator of the deceased executor, and has not assumed the trust of the legacy.  This cannot avail the defendant, inasmuch as it is not. denied that the funds are in his hands.

3. The third cause of demurrer is, that the disposition of the legacy was discretionary with the executor and not with the defendant.

The only discretion was to deal out the money to the plaintiff as she might need it, or to invest it in land for her benefit, neither of which has been done.

There is no error.  The cause will be remanded to the end that the defendant may answer.  The attention of the plaintiff is called to the imperfect statement of her case in the complaint.  There is no allegation that the defendant is administrator of the deceased executor, or that any fund has come to his hands.  If the plaintiff have leave she can amend.

Per Curiam.                              Judgment affirmed.